IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS E. PEREZ, | ) | |
| Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:16-cv-23-SRW |
| | ) | |
| BKJ INVERSTMENTS, LLC | ) | |
| d/b/a CAFÉ 123, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the court on the plaintiff's consent motion to reconsider the court's entry of final judgment. *See* Doc. 45. The plaintiff argues that this court committed clear error and caused manifest injustice by granting a joint motion to dismiss, denying the parties' motion for entry of a proposed consent judgment, and closing this case after the parties notified the court that they had reached a final settlement agreement on all areas of dispute. *Id*.

In support of its motion, the plaintiff relies on a case decided in the Middle District of Alabama, *Richardson v. U.S.*, 67 F. Supp. 2d 1321 (M.D. Ala. 1999), for the proposition that a motion for reconsideration is due to be granted "to correct clear error or manifest injustice." Doc. 45 at 1 (citing *Richardson*, 67 F. Supp. 2d at 1321). However, the motion to reconsider standard that the Court applied in *Richardson* is not applicable to the instant motion. The *Richardson* Court ruled on a motion to reconsider several interlocutory orders

1

– not, as here, on a post-judgment request to alter or amend a final judgment. The basis for the pending motion here is in the Federal Rules of Civil Procedure, and a different standard of review applies to post-judgment motions.

"A post-judgment motion may be treated as made pursuant to either Fed. R. Civ. P. 59 or 60 – regardless of how the motion is styled by the movant – depending on the type of relief sought." *Bush v. Hughes*, 2010 WL 2465527, at *1 (M.D. Ala. June 15, 2010) (quoting *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997)). In the present motion, the plaintiff moves to set aside the final judgment and asks the court to enter the parties' proposed consent judgment in its place; thus, the motion is properly characterized as one under Rule 59(e) to "alter or amend a judgment." *Id.* The plaintiff's motion "is a timely motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, which provides that '[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.'" *Giles v. Winn-Dixie Montgomery*, LLC, 2014 WL 590333, at *1 (S.D. Ala. Feb. 14, 2014), *aff'd*, 574 F. App'x 892 (11th Cir. 2014) (citing *Green v. Drug Enforcement Admin.*, 606 F.3d 1296, 2010 WL 1993846, *1 (11th Cir. May 19, 2010) (explaining that lower courts have almost without exception treated post-judgment motions to reconsider as Rule 59 motions, regardless of their label)).

Upon consideration of plaintiffs' motion, as well as the correct legal basis for the requested relief, the court will exercise its discretion amend the final judgment by entering the parties' proposed consent judgment in the interests of finality, justice and judicial economy and for the reasons explained below. *See American Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985) (a trial court has discretion

to alter or amend a judgment under Rule 59(e)). However, the court does not conclude that it committed error or that manifest injustice resulted from its denial of the parties' motion for entry of the proposed consent judgment based on the record at the time that final judgment was entered.

**I.      Background**

This lawsuit was filed on January 12, 2016. *See* Doc. 1. On June 20, 2016, the court held a scheduling conference. At that hearing, counsel for the plaintiff represented that the parties were nearing a settlement, and that only limited discovery would be needed. Defense counsel agreed with plaintiff's counsel's assessment. The parties proposed, and the court accepted, a short discovery period. On July 7, 2016, this cause was set for mediation before United States Magistrate Judge Terry Moorer. *See* Doc. 17. Thereafter, the parties filed three motions to continue the mediation, and Judge Moorer granted those motions. Five months after the order setting the mediation hearing, Judge Moorer mediated this case on December 7, 2017. The parties did not reach a settlement at mediation.

After mediation, on December 12, 2016, the parties filed a joint motion to stay. In that motion, the parties represented that they had "made significant steps towards a potential settlement," and they requested a 60-day stay of all deadlines, including discovery and dispositive motions deadlines. Doc. 29 at 1. The parties did not give any reason for the necessity for a stay – *e.g.*, they did not argue, for example, that the stay was likely to help facilitate a settlement. The court set a telephone status conference regarding the motion to stay, which was continued once at the request of defense counsel. *See* Doc. 30, Doc. 31, Doc. 32. Following the status conference, at which the parties reaffirmed their shared desire

to reach a settlement, the court granted in part and denied in part the motion to stay and set deadlines for the parties to complete discovery and to file dispositive motions. *See* Doc. 34. The dispositive motions deadline expired on March 27, 2017. *See id.*

The parties did not file dispositive motions, and the parties took no action on the record to advance this litigation until August 4, 2017 – approximately eight months after the status conference regarding the motion to stay – when one of defendants' lawyers filed a motion to withdraw. *See* Doc. 36. The court set another status conference, settlement conference, and a hearing on the motion to withdraw for August 16, 2017. *See* Doc. 37. On the day of the hearing, plaintiff filed a consent motion to continue because "the parties achieved a settlement agreement … on August 15, 2017. The [plaintiff] expects to file a proposed consent judgment within the next 30 days." Doc. 38 at 1. The court granted the motion to continue, and ordered plaintiff to file a motion to dismiss this cause pursuant to Federal Rule of Civil Procedure 41(a)(2) "or other appropriate pleading" by September 18, 2017. *See* Doc. 39. The court also continued the final pretrial conference that was set for August 31, 2017, because of the parties' notice of settlement. *See* Doc. 40. However, the plaintiff's deadline lapsed, and the plaintiff did not comply with the court's order.

On September 20, 2017, the court entered an order setting this cause for a final pretrial hearing on September 22, 2017, noted that discovery was closed and the deadline for filing dispositive motions and *Daubert* motions had passed, and directed that

> **[t]he deadline for filing a motion to continue the final pretrial hearing set by this order is 2:00 p.m. on Thursday, September 21, 2017**. Any such motion to continue may be summarily denied if it is not accompanied by a motion to dismiss or other appropriate filing that places the parties' proposed settlement before the court or, if the parties have not reached a final

4

> settlement, a notice that this matter is not settled and the parties are prepared to go to trial.

Doc. 41 at 3 (emphasis in original). Thereafter, the parties filed an untimely joint motion to continue the final pretrial hearing, and, once again, the parties represented that they "reached an agreement" to resolve this lawsuit. Doc. 42 at 1; *see also* Doc. 42-1 (proposed consent judgment).

In an order entered on September 21, 2017, the court set out the following, *inter alia*:

> At 2:30 p.m. on September 21, the parties filed a belated motion to continue the final pretrial hearing. *See* Doc. 42. The parties did not seek leave of court to file the motion out of time, nor did they acknowledge that the motion was untimely under the court's September 20, 2017 order. Ordinarily, the court might not be overly concerned with a 30-minute delay, particularly if cause were established in the motion, but this is not the first example of the parties' operating outside of the court's orders. The parties have ignored or violated the court's orders on several occasions without permission, explanation, acknowledgement, or apology. *See, e.g.*, Doc. 8; Doc. 14; Doc. 28 at 2-3; Doc. 32; Doc. 39.
>
> In the instant motion, the parties jointly represent that they have reached a settlement of the plaintiff's claims, and they have filed a proposed consent judgment that appears to outline the terms of their agreement. *See* Doc. 42 at 1; Doc. 42-1. Despite the fact that the motion to continue is untimely, the court concludes that conducting a final pretrial hearing in a case that has reportedly settled would waste scarce judicial resources.

Doc. 43 at 1-2. The court continued the final pretrial conference for a second time and construed the "Joint Motion to Continue Hearing" as a joint motion to dismiss and a joint motion to enter a proposed consent decree. Doc. 43. The Clerk of Court annotated the docket to reflect that those motions were pending. *See id.*

On October 4, 2017, having heard nothing further from the parties, the court granted the joint motion to dismiss and denied the joint motion to enter the proposed consent judgment. *See* Doc. 44. Thereafter, plaintiff filed the instant motion in which the plaintiff, with defendants' consent, represents that defendants will not comply with the parties' settlement agreement unless the court enters the proposed consent judgment. *See* Doc. 45.

Thus, in summary, nearly 14 months after the plaintiff first represented to the court that the parties were on the verge of settling this dispute, the parties notified the court that this case was settled. Thereafter, the parties ignored two court-imposed deadlines to file a motion to dismiss this case due to the settlement, and filed their proposed consent judgment approximately five weeks after notifying the court that they reached a settlement agreement. The court entered a final judgment based upon the parties' representation that this matter is settled. In the motion at bar, the plaintiff asserts for the first time that the parties' settlement is contingent upon the court's entry of the parties' proposed consent judgment.

## II. Standard of Review

> Federal Rule of Civil Procedure 59(e) authorizes a motion to alter or amend a judgment after its entry. Rule 59(e) provides no specific grounds for relief, and "the decision to alter or amend judgment is committed to the sound discretion of the district judge." *American Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985). There are four basic grounds for granting a Rule 59(e) motion, however: (1) manifest errors of law or fact upon which the judgment was based; (2) newly discovered or previously unavailable evidence; (3) manifest injustice in the judgment; and (4) an intervening change in the controlling law. 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995). Rule 59(e) may not be used to relitigate old matters or to present arguments or evidence that could have been raised prior to judgment. *See O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

> Furthermore, a judgment will not be amended or altered if to do so would serve no useful purpose. Wright, Miller & Kane, *supra*.

*Taylor v. First N. Am. Nat. Bank*, 331 F. Supp. 2d 1354, 1355 (M.D. Ala. 2004). *See also Bush*, 2010 WL 2465527, at *1. "Denial of a motion to amend is 'especially soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation.'" *O'Neal*, 958 F.2d at 1047 (quoting *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990)).

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Busby v. JRHBW Realty, Inc. d/b/a RealtySouth*, 642 F. Supp. 2d 1283, 1286 (N.D. Ala. 2009) (citing *United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003); *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992); *Spellman v. Haley*, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling.")). "A motion for reconsideration must … demonstrate some reason why the court should reconsider its prior decision." *Hooten v. Florence Hotel Co., LLC*, 2013 WL 12147714, at *1 (N.D. Ala. Mar. 11, 2013) (citations omitted). "[M]ere disagreement with the district court's decision is an inappropriate ground for a motion for reconsideration[.]" *Id.* (quoting *United States v. Ezell*, 2011 WL 2650870, at *14 (S.D. Ala. July 6, 2011) (quoting, in turn, *In re Telfair*, 745 F. Supp. 2d 536, 561 (D. N.J. 2010)).

A court "has considerable discretion in deciding whether to ... [grant a motion] under Rule 59(e). However, its discretion is not without limit. The court must strike the

proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

### III. Discussion

The plaintiff's motion to reconsider is approximately two pages long. The plaintiff argues that the court committed errors of fact and law because (1) the parties did not file a motion to dismiss; (2) the final judgment grants a motion to dismiss, which is found in the court's record at Doc. 42; and (3), the filing at Doc. 42 "is not a motion to dismiss." Doc. 45 at 1-2. The plaintiff is incorrect. The motion at Doc. 42 is, in fact, a motion to dismiss. As discussed *supra*, on September 21, 2017, the court construed the parties' filing, which is titled "Joint Motion to Continue Hearing," as "a joint motion to dismiss and a joint motion for entry of a proposed consent judgment." Doc. 43 at 2. Prior to the filing of the motion, on August 16, 2017, the plaintiff was directed to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2) or other appropriate pleading if the parties reached a settlement. *See* Doc. 39. The September 21 order is consistent with the August 16 order in that it construes the parties' motion to continue the final pretrial hearing as a joint motion to dismiss and a joint motion for entry of a proposed consent judgment because, in the motion and in argument offered in favor of continuing the final pretrial hearing, the parties asserted that they had reached a final settlement and requested that the court consider entering a proposed consent judgment.

In addition, the parties and their counsel were given notice in the September 21 order that the court construed the joint motion to continue the final pretrial hearing as a

joint motion to dismiss. Absent evidence that an attorney did not receive a court order, which is not present in this case, the undersigned assumes that lawyers for parties read the court's orders. *See Dynasty Mgmt. Grp., LLC v. Alsina*, 2016 WL 9376356, at *1 (S.D. Fla. Nov. 1, 2016) ("[A]n attorney's failure to read the court's order … is not only nonsensical, it [fails] to comport with notions of adequate representation, something this Court will not stand for.") (quoting *Robinson v. Aerotek*, 2011 WL 2222186, at *2 (M.D. Fla. June 7, 2011)) (bracketed text in original). In light of the court's August 16 and September 21 orders, it is unclear why the plaintiff's attorneys are under the impression that a joint motion to dismiss is not docketed at Doc. 42.

The final judgment was entered 34 days after the court construed Doc. 42 as a joint motion to dismiss, and the parties did not object to the characterization of Doc. 42 as a motion to dismiss at any time prior to the entry of final judgment. The plaintiff's first objection to the court's construing the joint motion to continue the final pretrial hearing as a joint motion to dismiss is found in the instant motion, and the objection is based on a misrepresentation of the record. Accordingly, because Doc. 42 is, as a matter of law and fact, a joint motion to dismiss, the court did not err by ruling on the joint motion to dismiss. Thus, the plaintiff's motion to alter or amend the final judgment based on the court's "error" is due to be denied.

Plaintiffs' argument that the final judgment in this case will result in manifest injustice is inconsistent with the parties' prior representations on the record. The plaintiff argues, *inter alia*:

> In this case, the Secretary alleges that the Defendants failed to pay their employees the minimum hourly wage for all hours worked, in violation of the FLSA, and seeks to collect back wages for those employees. The consent judgment the parties have asked the Court to enter orders Defendants to pay those back wages. Thus, although the Secretary is the Plaintiff in this case, it is the Defendants' low-wage employees who will be harmed by the Court's refusal to enter the Consent Judgment. Allowing the Defendants to profit by failing to pay their employees the minimum wage is manifestly unjust, and the Secretary requests the Court to reconsider its Order.

Doc. 45 at 2. This argument contradicts the parties' previous representation that they "have reached an agreement satisfying all of Plaintiff's claims[.]" Doc. 42 at 1. The parties attached the proposed consent judgment as an exhibit to the joint motion at Doc. 42, and the parties asserted in the joint motion to dismiss and for entry of a consent judgment that their settlement "agreement" was set forth in that exhibit – *i.e.,* in the proposed consent judgment. *Id.* The proposed consent judgment was signed by counsel for all parties and by the individual defendant, and the parties identified that document as their settlement agreement. *See* Doc. 42-1 at 4-5.

"Settlement agreements are contracts and thus may be adjudicated in courts with jurisdiction over the contract." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1281 (11th Cir. 2012) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 382 (1994)). It is well settled in the Eleventh Circuit that, in FLSA cases brought by the Secretary of Labor, the court need not enter a stipulated judgment where, as here, the Secretary of Labor prosecutes the civil action and oversees the distribution of funds. *See Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1306, 1308 (11th Cir. 2013) (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir.1982)). "When the settlement agreement is not made part of a court order, it is merely a private contract arising out of a

case in federal court[.]" *Anago Franchising, Inc.*, 677 F.3d at 1281 (citing *Kokkonen, supra*) (internal marks omitted). Parties without a consent judgment are not deprived of a remedy to seek to enforce a settlement agreement – they can seek to do so in state court unless an independent source of federal jurisdiction exists. *See id.*

Based on the parties' representation that they settled this dispute by agreement – and on the proposed consent judgment, which is signed by all parties and is a written agreement setting out the terms of the settlement – the court deems the proposed judgment to constitute an executed settlement agreement; thus, entry of a consent judgment is superfluous. The parties' notice of a settlement agreement; the presence in the record of the written, signed terms of the parties' agreement; and the entry of a final judgment are sufficient to adjudicate this matter.

The parties did not provide the court with any basis in the joint motion to dismiss and joint motion for entry of a proposed consent judgment to justify the entry of a consent judgment. In the instant motion, however, the plaintiff represents that the defendants will fail to abide by the terms of their settlement agreement unless the court enters the proposed consent judgment. The defendants consented to the filing of the motion to reconsider; thus, it appears that defendants concur with plaintiff's assessment that defendants will not comply with the agreement. This is a new and material development in the labored history of the parties' settlement efforts, and it is one that the parties could and certainly should have brought to the court's attention in the joint motion to dismiss and for entry of the proposed consent judgment. Plaintiff has not offered any justification for the parties' failure to inform the court of this matter prior to the entry of final judgment. Therefore, the

plaintiff's motion to alter or amend the final judgment is due to be denied. *See O'Neal*, 958 F.2d at 1047.

IV.     **Conclusion and Order**

From the earliest stages of these proceedings, the parties have disregarded the court's orders, and they have wasted considerable judicial time and resources. Court orders are not suggestions, and it is the court's prerogative to manage the orderly disposition of cases on its docket. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92, 195 L. Ed. 2d 161 (2016) ("[A] district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases … [and] with a view toward the efficient and expedient resolution of cases.") (citations and internal marks omitted); *Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("[A]ll orders and judgments of courts must be complied with promptly.). *See also*, *e.g.*, *Piambino v. Bestline Prod., Inc.*, 645 F. Supp. 1210, 1212-13 (S.D. Fla. 1986) ("Civil contempt is a remedial sanction designed and intended to obtain compliance with a court order or to compensate for damages sustained as a result of noncompliance.") (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)); M.D. Ala. L.R. 83.1(g) (governing an attorney's obligations when appearing in the Middle District of Alabama). The parties' persistent failure to comply with the court's orders and the cavalier way in which the parties place matters before the court for consideration have needlessly complicated the court's task of managing and adjudicating this dispute.

While the plaintiff's motion to alter or amend the final judgment is due to be denied based on the plaintiff's arguments in that motion, the interests of justice and judicial economy nevertheless favor the entry of the proposed consent judgment. If the defendants will not comply with the settlement agreement unless the proposed consent judgment is entered on the record, as plaintiff asserts in the instant motion, then the entry of a consent judgment, even though redundant, will obviate the necessity of additional litigation regarding the settlement agreement and the merits of this case. Also, "[t]he purposes of the FLSA are undermined whenever an employer is allowed to escape liability for violations of the statute, regardless of whether those who were victimized by those violations are still employees." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307-08 (11th Cir. 2013) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 (1945)). In the proposed consent judgment, the defendants have agreed to an injunction barring them from violating the FLSA and enjoining them to make payments that will reimburse employees and former employees for amounts that were withheld in violation of the FLSA. In order to bring finality to this proceeding, the court will enter a consent judgment in addition to the final judgment.

Accordingly, for the reasons discussed herein, it is

ORDERED that plaintiff's motion to reconsider, which the court construes as a motion to alter or amend the final judgment pursuant to federal Rule of Civil Procedure 59(e), is GRANTED IN PART insofar as the court exercises its discretion, in the interests of justice, judicial economy, and finality, to amend the final judgment by entering a consent

judgment, and DENIED IN PART on its merits. *See American Home Assur. Co.*, 763 F.2d at 1238-39; *Edward H. Bohlin Co., Inc.*, 6 F.3d at 355.

This case remains closed.

DONE, on this the 8th day of November, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge